## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | |
| | : | **CASE NO. 13-59606-BEM** |
| **ROBBIE GERALD MCMILLIAN**, | : | |
| **DEANNA MAUREEN MCMILLIAN,** | : | CHAPTER 7 |
| Debtors. | : | |
| | : | |
| **MARTHA A. MILLER, Chapter 7** | : | |
| **Trustee for The Estate Of Robbie** | : | |
| **Gerald and Deanna Maureen Mcmillian**, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| **BANK OF AMERICA**, | : | |
| **ROBBIE GERALD MCMILLIAN,** | : | |
| **DEANNA MAUREEN MCMILLIAN**, | : | |
| | : | |
| Defendants. | : | |

## MOTION FOR APPROVAL OF SETTLEMENT AND RELEASE AGREEMENT

Martha A. Miller, as Chapter 7 Trustee ("Trustee"), files this Motion for Approval to Settle and Compromise Claim, and shows this Honorable Court the following:

## Background

1.

Robbie Gerald McMillian and Deanna Maureen McMillian ("Debtors") filed a voluntary bankruptcy petition under Chapter 7 of the United States Bankruptcy Code (11

{21216/006/01211683.DOCv1}1

U.S.C. §§ 101, et seq.) on May 2, 2013 (the "Petition Date").

2.

Movant was appointed the Chapter 7 Trustee at the conclusion of the 341(a) meeting on July 1, 2013. Case was converted to chapter 13 by Order entered August 7, 2013 [Doc. No. 39] and reconverted to chapter 7 on September 13, 2013 by consent order [Doc. No. 50]. Trustee was reappointed September 20, 2013 [Doc. No. 56].

3.

On June 18, 2013, Trustee filed an Adversary Proceeding against Debtors and Bank of America, N.A. ("BOA"), to avoid the security deed on 305 Hamilton Drive, Conyers, Georgia (the "Subject Property"). Adversary Proceeding No. 13-05214-BEM.

4.

Extensive investigation and negotiations have been conducted between the Trustee for the estate and BOA. Subsequently, a settlement agreement has been reached for the benefit of the estate. In short, the settlement agreement provides that the title insurer for BOA will pay the estate $90,000.00, the parties will stipulate to the voluntarily dismissal with prejudice of the adversary proceeding, and BOA will not file a claim. Settlement Agreement and Release are attached hereto as Exhibit "A" and incorporated herein.

## **Standards for Settlement**

5.

The standards of approving or disapproving a settlement are the factors set forth in *Wallis vs. Justice Oaks*, *II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir. 1990) *cert. denied*, 498 U.S. 959 (1990).

6.

*Justice Oaks* requires that the Court consider (1) the likelihood of success in litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation involved and the expense, inconvenience and delay necessary attending it; and (4) deference to the reasonable views of creditors.

7.

In this case, continued litigation would just unreasonably increase the administrative costs for little concomitant benefit. The parties disagree about the facts of the case and further litigation would not only be costly but risk an adverse outcome.

8.

The Trustee believes that this settlement is in the best interests of the creditors and the estate.

WHEREFORE, the Trustee respectfully requests that:

(a) the Court authorize the Trustee to agree to the Settlement on the terms and for the reasons set forth above;

(b) authorize Trustee to execute all necessary documents and take all necessary steps to effectuate the compromise as described herein; and

(c) for such other and further relief as justice and equity require.

This 20th day of October 2014.

                                            Respectfully submitted,

                                            */s/ Martha A. Miller*
                                            Martha A. Miller
                                            Georgia Bar No. 507950
                                            Trustee

SCHULTEN WARD & TURNER
260 Peachtree Street
Suite 2700
Atlanta, GA 30303
(404) 688-6800
mam@swtlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a true and correct copy of the forgoing **Motion for Approval of Settlement** to the below identified recipients via first class United States mail with adequate postage to ensure delivery.

United States Trustee
362 Richard Russell Building
75 Spring Street, SW
Atlanta, Georgia 30303

Austin E. James
Fidelity National Law Group
Suite 460
4170 Ashford Dunwoody Road
Atlanta, GA  30024

Dorothy L. Bjork
Suite 260, PMB 608
3162 Johnson Ferry Road
Marietta, GA  30062

Robbie Gerald McMillian
Deanna Maureen McMillian
305 Hamilton Drive
Conyers, GA  30094

This 20th day of October 2014.

                                               */s/ Martha A. Miller*
                                              Martha A. Miller
                                              Georgia Bar No. 507950
                                              Trustee

SCHULTEN WARD & TURNER
260 Peachtree Street
Suite 2700
Atlanta, GA 30303
(404) 688-6800
mam@swtlaw.com

## **SETTLEMENT AGREEMENT AND MUTUAL RELEASE**

**THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE** (the "Agreement") is made and entered into this _____ day of _____, 2014, by and among **MARTHA A. MILLER,** in her capacity as Trustee (the "Trustee") for the Chapter 7 Estate of Robbie Gerald McMillian and Deanna Maureen McMillian (the "Estate"), **BANK OF AMERICA, N.A.** (the "Creditor"), and, **ROBBIE GERALD MCMILLIAN AND DEANNA MAUREEN MCMILLIAN** (the "Debtors").

## **W I T N E S S E T H**

**WHEREAS**, on or about May 2, 2013, a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Code") was filed by the Debtors in the United States Bankruptcy Court for the Northern District of Georgia (the "Bankruptcy Court")**;** and

**WHEREAS**, the Debtor's Chapter 7 bankruptcy case was docketed and remains pending in the Bankruptcy Court as Bankruptcy Case No. 13-59606-BEM (the "Bankruptcy Case"); and

**WHEREAS**, the Trustee is the duly appointed and acting trustee for the Estate in the Bankruptcy Case;

**WHEREAS**, the Trustee initiated adversary proceeding no. 13-05214-BEM, pending before the Bankruptcy Court (the "Litigation").

{21216/006/01211729.DOCv1}

**WHEREAS**, the Trustee, Creditor and Debtors (the "Parties"), on the terms and conditions contained herein, desire to compromise and settle all of the claims and disputes that exist among them.

**NOW THEREFORE,** in consideration of the mutual covenants and promises set forth herein, and for other good and valuable considerations, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto, intending to be legally bound, hereby agree as follows:

1. **Payment**: Within ten (10) days of the Approval Order becoming a Final Order, as defined below, Creditor, through its insurer, will deliver ninety thousand dollars ($90,000.00) by check made payable to Martha A. Miller, Trustee in Bankruptcy for the Estate of Robbie Gerald McMillian and Deanna Maureen McMillian.

2. **Release of Creditor and Its Insurer**: Trustee, for herself as Trustee, and on behalf of the Estate, and Debtors hereby release, acquit and forever discharge the Creditor and each and every past and present affiliate, partner, principal, agent, servant, employee, representative, insurer and attorney of Creditor from any and all claims, causes of action, suits, debts, liens, obligations, liabilities, demands, losses, costs and expenses (including attorneys' fees) of any kind, character, or nature whatsoever, known or unknown, fixed or contingent (collectively a "Claim"), which the Trustee could bring, may have, or may claim to have, against Creditor, now or which may hereafter arise out of, relate to, or be connected with any act of commission or omission by Creditor existing, or occurring prior to the date of this Agreement, including, without limitation, the claims asserted by the Trustee.

{21216/006/01211729.DOCv1}

3. **Release of the Trustee, the Debtors, and the Debtors' Estate**: Creditor releases, acquits and forever discharges the Trustee (as trustee for the Estate), the Debtors and the Estate, and each and every past and present principal, agent, servant, employee, representative and attorney of the Trustee, the Debtors or the Estate, from any and all Claims which it may have, or claim to have now, against the Trustee (as trustee for the Estate), the Debtors, or the Debtor's Estate, or which may hereafter arise out of, relate to, or be connected with any act of commission or omission of the Trustee, the Debtors, or the Debtor's Estate existing or occurring prior to the date of this Agreement or any act of commission or omission of them existing or occurring prior to this date.

4. **Dismissal with Prejudice of Litigation**: The Trustee, Creditor and Robbie Gerald McMillian and Deanna Maureen McMillian mutually covenant and agree that they will not sue, sue further, or otherwise prosecute in any way any person or entity herein above released with respect to any and every Claim released in this Agreement. The Parties will execute and file a Stipulation of Dismissal of the Litigation in the form attached hereto as Exhibit "A."

5. **Proof of Claim**: Creditor shall not be entitled to file a proof of claim in the Bankruptcy Case.

6. **No Prior Transfer**: The Parties hereby mutually represent and warrant that there has been no assignment, sale or other transfer or disposition of any interest in any of the Claims hereinbefore released and forever discharged.

{21216/006/01211729.DOCv1}3

7. **Required Court Approval**: Upon the execution and delivery of this Agreement, the Trustee shall promptly move the Bankruptcy Court for the entry of an order (the "Approval Order") in the Bankruptcy Case approving this Agreement and the compromise and settlement provided for herein pursuant to Bankruptcy Rule 9019. The Parties to this Agreement consent to use their best efforts to obtain the entry of the Approval Order. Unless otherwise agreed in writing among the Parties, this Agreement and the obligations of the Parties hereto are in all respects contingent upon (a) the entry of the Approval Order not more than ninety (90) days from the date of this Agreement and (b) the Approval Order becoming a Final Order. For the purposes of this Agreement, "Final Order" shall mean an order or judgment of the Bankruptcy Court as entered on its docket that has not been reversed, stayed pursuant to Bankruptcy Rule 8005, or any other applicable rule of civil or appellate procedure, modified or amended, and as to which the time to appeal, petition for certiorari, or seek re-argument or rehearing was timely filed, or as to which any right to appeal, petition for certiorari or seek re-argument or rehearing has been waived in writing in a manner satisfactory to the Parties, or if a notice of appeal, petition for certiorari, or motion for reargument or rehearing was timely filed, the order or judgment of the Bankruptcy Court has been affirmed by the highest court to which the order or judgment was appealed or from which the reargument or rehearing was sought, or a certiorari has been denied, and the time to file any further appeal or to petition for certiorari or to seek further re-argument has expired. The Effective Date is when the Approval Order becomes the Final Order.

8.       **Assignment, Predecessors, Successors and Assigns**: This Agreement shall be binding upon and shall inure to the benefit of the Parties hereto and their legal representatives, predecessors, successors and assigns.

9.       **No Liability**: The Parties to this Agreement each deny liability to the other. Neither the execution and delivery of this Agreement nor the performance of any matters contemplated hereby or provided for herein shall in any way or manner be construed as an admission of any allegation, fact or liability or any act of wrongdoing.  Should this Agreement not be approved by the Bankruptcy Court, or should the Approval Order not become a Final Order, then nothing contained herein shall constitute an admission or be admissible in any subsequent litigation between the Trustee and Bank of America, N.A. and the Debtors.

10.     **Construction**: The Parties hereto hereby mutually acknowledge and represent that they have been fully advised by their representative legal counsel of their rights and responsibilities under this Agreement, that they have read, know and understand completely the contents hereof, and that they have voluntarily executed the same.  The Parties hereto further hereby mutually acknowledge that they have had input into the drafting of this Agreement and that, accordingly, in any construction to be made of this Agreement, it shall not be construed for or against any party, but rather shall be given a fair and reasonable interpretation, based on the plain language of the Agreement and the expressed intent of the Parties.

{21216/006/01211729.DOCv1}5

11. **Entire Agreement**: This Agreement constitutes the entire agreement and understanding between the Parties relating to the subject matter contained herein, and this Agreement may not be altered, amended or modified in any respect or particular whatsoever except by a writing duly executed by each of the Parties hereto.

12. **Counterparts**: This Agreement may be executed in several counterparts, each of which shall be an original, so that all of which taken together shall constitute one and the same instrument. Facsimile signatures shall have the effect of original signatures.

13. **Severability**: In the event that any part of this Agreement shall be found to be illegal or in violation of public policy, or for any reason unenforceable at law, such finding shall not invalidate any other part hereof.

14. **Choice of Law**: This Agreement shall be interpreted under, and construed in accordance with, the laws of the State of Georgia.

IN WITNESS WHEREOF and in agreement herewith, the Parties have executed and delivered this Agreement, as of the date first above written.

_____
**Martha A. Miller**
Chapter 7 Trustee
Georgia Bar No. 507950

260 Peachtree Street NW
Suite 2700
Atlanta, GA  30303
(404) 688-6800

_____
**Austin E. James**

{21216/006/01211729.DOCv1}6

                                              Attorney representing Bank of America, N.A.

4170 Ashford Dunwoody Road  
Suite 460  
Atlanta, GA  30024

                                              _____  
                                            **Dorothy L. Bjork**  
                                            Attorney for Robbie Gerald McMillian and  
                                            Deanna Maureen McMillian

Suite 260, PMB 608  
3162 Johnson Ferry Road  
Marietta, GA  30062

{21216/006/01211729.DOCv1}7